Submitted on record and briefs November 21, 1989, rules held valid May 16, reconsideration denied October 3, petition for review denied October 23, 1990
(310 Or 475)

SMITH et al,
*Petitioners,*

*v.*

OREGON STATE DEPARTMENT OF
CORRECTIONS et al,
*Respondents.*

(CA A61247)

792 P2d 109

Arlen Porter Smith, John Manny Trujillo, Dennis R. Brooks, Gilbert Lane, Michael E. Gysin, Leslie A. Whaley, Francis Rothauge, Ernest Leroy Smith, Philip McClure, Randell W. Brown, Donald Sager, and Kerry Disorbo, Salem, filed the brief *pro se* for petitioners.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

This is a petition for judicial review pursuant to ORS 183.400, challenging the validity of rules adopted by the Department of Corrections on controlled feeding of inmates.[1] Petitioners allege, *inter alia,* that the rules violate statutory and constitutional prohibitions against cruel and unusual punishment.[2] We hold the challenged rules valid.

OAR 291-83-005 to OAR 291-83-015 establish procedures for placing inmates on "controlled feeding status" if they throw or misuse food or human waste or fail voluntarily to return eating utensils and trays to staff after each meal. Under the rules, inmates on controlled feeding status are fed "nutra loaf," "[a] product made from a combination of food items used in the preparation of mainline meals or medically assigned special diets using standardized portion sizes and nutritionally balanced recipes." OAR 291-83-010.

Petitioners describe "nutra loaf" somewhat differently. They assert:

> " 'Nutra Loaf' is made by taking whatever foods are left over during production of a regular prison meal, grinding same together, and then forming the resulting mass into bricks which are baked until hard. The process is virtually identical, and produces a similar end product, to that employed in making many packaged dog foods. The major difference being that dog food is at least intended to appeal to a dogs [sic] appetite."

They contend that substituting "nutra loaf" for regular meals

---

[1] Petitioners originally challenged the department's temporary rules on controlled feeding, assigning as error that they were adopted without compliance with the applicable rulemaking procedures and that their adoption exceeded the department's statutory authority and violated several statutory and constitutional provisions. Subsequent adoption of permanent rules on controlled feeding renders petitioners' first assignment of error moot. *See Steinbach v. Oregon State Board of Pharmacy,* 100 Or App 596, 597, 786 P2d 1325 (1990). However, we consider their remaining assignment, because the permanent rules are identical to the temporary rules that they challenged.

[2] Petitioners' argument that the department exceeded its statutory authority in adopting the rules, because the rules fail to provide for notice of a charge, opportunity for a hearing or appeal before placement on controlled feeding status, is without merit. Placement on controlled feeding status does not amount to "a significant change in the terms and conditions of confinement, for disciplinary reasons." *See Rutherford v. OSP,* 39 Or App 431, 441, 592 P2d 1028 (1979). Accordingly, the rules are not invalid for failure to comply with the minimum due process requirements imposed by ORS 421.180 to ORS 421.195.

constitutes cruel and unusual punishment in violation of ORS 421.105(1) and the Oregon and United States Constitutions.

The state points out that, under the rules, placement on controlled feeding status is independent of the disciplinary process and that "[r]eturn to normal feeding status does not affect the disciplinary process or the application of sanctions for rule violations." OAR 291-83-015(7). It thus contends that placing an inmate on controlled feeding status is not punishment at all, but rather a safety measure necessary "to reduce the use of food, eating utensils and human waste as weapons against staff and others."[3] OAR 291-83-010(2). We agree.

Rules held valid.[4]

---

[3] It should be noted that the rules do not permit the department to withhold food from prisoners, but simply to provide the same amount of adequate food in a different form. They also provide that an inmate may be placed on controlled feeding for no more than seven days after an incident, OAR 291-83-015(8), and that the order must be reviewed every twenty-four hours. OAR 291-83-015(6).

[4] Petitioners' remaining arguments do not require discussion.